# In the United States Court of Federal Claims

No. 13-161C
(Filed September 20, 2013)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
                                            *
                                            *
ROY SMITH, on his own behalf                *
and for others similarly situated,          *
                                            *
              Plaintiff,                    *
     v.                                     *
                                            *
THE UNITED STATES,                          *
                                            *
              Defendant.                    *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

In this lawsuit the plaintiff, Mr. Roy Smith---a former employee of the Department of Veterans Affairs---seeks an award of unpaid overtime compensation and related relief under the Fair Labor Standards Act, 29 U.S.C. § 216(b), for himself and others similarly situated. The government has moved for a stay of the briefing regarding the plaintiff's motion for conditional class certification, pending the Court's determination of the government's previously-filed motion to transfer the case to a district court. Def.'s Mot. to Stay Brf'g at 1–2. The defendant maintains that briefing on Mr. Smith's motion could "be a waste of time and effort" were the Court to determine that it lacked jurisdiction over the subject matter of the case. *Id.* at 2.

The plaintiff opposes the motion to stay briefing, arguing that the government has failed to establish a "pressing need" to stay further consideration of the plaintiff's motion for conditional consideration. Pl.'s Opp'n to Def.'s Mot. to Stay (Pl.'s Opp'n) at 1–3 (citing *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)). The plaintiff also contends that potential class members could be harmed by a delay due to the running of the statute of limitations, *id.* at 1–2, 4–5 (citing 29 U.S.C. § 256), and that the government would not be harmed if briefing continued, *id.* at 4. Mister Smith also requests that the Court, if inclined to grant the government's motion to stay, toll the statute of limitations for potential class members. *Id.* at 5–7.

In its reply in support of the motion to stay briefing, the government argues that the "pressing need" standard applies only when an indefinite suspension of all proceedings is sought. Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. to Stay (Def.'s Reply) at 1–2 (citing *Cherokee Nation*, 124 F.3d at 1416). The defendant reiterates that briefing separate issues while a motion to transfer is pending could result in wasted resources, and opines that when jurisdiction is questioned a court should first determine that it *has* power before using that power to settle other questions. Def.'s Reply at 2. The government also argues that consideration of Mr. Smith's request to toll the statute of limitations would be premature at this stage of litigation, when no individual who could benefit from tolling has yet to join the suit. *Id.* at 2–3.

It is within "the inherent authority of every court to control the disposition of its cases." *Cherokee Nation*, 124 F.3d at 1416 (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). The government is correct that the "pressing need" standard is limited to the circumstance in which a party objects to a stay of proceedings of an indefinite duration---in *Cherokee Nation*, the stay was to last until numerous lawsuits that had not yet been filed in other courts resolved certain issues, such that "judgment in these actions might be decades away." *Id.* Here, by contrast, the stay is directed to the briefing and consideration of just one issue, while the Court decides the question of its jurisdiction, which will be resolved shortly.

This motion instead comes under the "good cause" requirement of Rule 6 of the Rules of the United States Court of Federal Claims (RCFC), concerning extensions of deadlines. *See* RCFC 6(b)(1). In applying this standard, the Court first notes a puzzling feature of the motion for conditional class certification: the plaintiff styled his motion as "unopposed," *see* Pl.'s Unopp. Mot. for Cond. Class Certf'n (Pl.'s "Unopp." Mot.) at 1, when the government sixteen days earlier informed the Court---and the plaintiff---that it had modified its stance regarding conditional certification.[†] Instead of acknowledging this change in position, the plaintiff cites the government's "agreement" not to oppose conditional certification, *id.* at 2, 5, memorialized in the Joint Preliminary Status Report (JPSR), *see* JPSR at 2, and discusses the government's "attempt to renege on its earlier agreement" as a prospective event, Pl.'s "Unopp." Mot. at 2 n.2. In neither that motion nor in his opposition to the stay does Mr. Smith provide any legal basis for his insistence that the "agreement" is binding. *See* Pl.'s "Unopp." Mot. at 2, 5; Pl.'s Opp'n at 1, 3–4.

---

[†] In its status report of July 24, 2013, the government indicated that it believed, based on its factual investigation, that it was appropriate to restrict the class of persons eligible to join the action to those employees (who held the same positions as did the plaintiff) who were supervised by the plaintiff's supervisor. Def.'s Stat. Rep. at 1.

The plaintiff also baldly asserts, with no factual support or explanation, that he "detrimentally relied" on the government's agreement not to oppose conditional class certification. Pl.'s "Unopp." Mot. at 2 n.2. Since Mr. Smith in the next sentence "requests an extension of time to allow [him] sufficient time to gather the requisite evidence" supporting his motion, *id.*, in the event the motion is not treated as unopposed, the Court infers that the plaintiff's detriment was to have omitted some substance from his motion. But the plaintiff's counsel was apparently informed of the change in position seventeen days (and certainly was informed, with the rest of us, sixteen days) prior to the date the class certification motion was filed. Def.'s Stat. Rep. at 1. In any event, the plaintiff's need for extra time to bolster his motion undermines his argument that a short delay in briefing while the jurisdictional question is decided will be to the putative class members' harm.

The Court finds good cause for the government's request to stay briefing on the motion for conditional class certification. Any ruling on the issue of conditional certification would be rendered a nullity were the case subsequently transferred to a district court, *see Delpin Aponte v. United States*, 83 Fed. Cl. 80, 86 (2008), and even the briefing might be of limited use were different procedures to be followed by a transferee court. To avoid a potential waste of judicial (as well as the litigants') resources, the motion for a stay is **GRANTED**. Briefing on the plaintiff's motion for conditional class certification is stayed pending the Court's resolution of the motion to transfer. The question of the eligibility of this matter for a tolling of the statute of limitations is deferred until it is formally raised at an appropriate time.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge